# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROMELLO BLAND, <br><br> Defendant. | Case No. 18-CR-30014-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Bill of Particulars (Doc. 161) and the Motion to Dismiss Counts 3 and 5 of the Superseding Indictment (Doc. 162) filed on October 11, 2019, by Defendant Romello Bland.

Bland was charged in a seven-count Superseding Indictment ("the Indictment") with Conspiracy to Commit Carjacking in violation of 18 U.S.C. § 371 (Count 1), Carjacking in violation of 18 U.S.C. § 2119 (Counts 2, 4, and 6), and Carry and Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 3, 5, and 7) (Doc. 63). Counts 2 through 7 also allege "*Pinkerton Liability*, 328 U.S. 640, 647-48 (1946)" (*Id.*). As a whole, the Indictment alleges that Bland was involved in three armed carjackings that occurred on July 28, 2017 and August 1, 2017 in St. Clair County in the Southern District of Illinois (*Id.*).

On October 15, 2019, the Court granted Bland's counsel leave to file the motions out of time, because his current counsel was appointed long after the deadline for filing pretrial motions passed. The Government timely responded to both motions on November 4, 2019

(Docs. 167, 168).

I.  **Motion for Bill of Particulars**

Bland asks this Court to direct the Government to file a bill of particulars because he is unable to gauge the case against him from the allegations in the Indictment and, therefore, he cannot adequately prepare for trial, focusing especially on the three counts of Carjacking (Doc. 161). The Government opposes his motion, arguing that the language of the Indictment is legally sufficient to apprise him of the charges and thus prepare for trial (Doc. 168). The Government also argues that it has provided Bland with "extensive pretrial discovery," which further reduces his need for a bill of particulars (*Id.*).

A bill of particulars is required if the Government's indictment does not "sufficiently apprize[] the defendant of the charges to enable him to prepare for trial." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). The indictment in this case adequately apprizes Bland of the charges against him to enable him to prepare for trial. For the carjackings, the Indictment provides the relevant time, July 28, 2017, and August 1, 2017, and place, St. Clair County in the Southern District of Illinois, in which Bland allegedly conspired to commit the carjackings in violation of 18 U.S.C. § 2119 and *Pinkerton Liability*, 328 U.S. 640, 647-48 (1946).

Moreover, "a bill of particulars is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form.'" *Fassnacht*, 332

F.3d at 447 n.2. The Seventh Circuit has held that this requirement is satisfied by the Government's "open-file" discovery policy, which allows Defense Counsel to inspect all files and testimony in the Government's possession. *Canino*, 949 F.2d at 949. "The nature and operations of the 'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary." *Id*. The Government here has complied with that policy, providing, as it states, "extensive pretrial discovery." Accordingly, Bland's motion is **DENIED**.

## II. Motion to Dismiss Counts 3 and 5 of the Indictment

Bland argues that Carjacking Counts 2 and 4 under 18 U.S.C. § 2119 cannot qualify as "crimes of violence" under the "elements clause" sufficient to support Counts 3 and 5 under Section 924(c)(3)(A), "because the crime of conspiracy [under the *Pinkerton* theory of liability] does not have as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another'" (Doc. 162). In support of this notion, Bland invokes Fifth Circuit case law with *United States v. Reece*, 938 F.3d 630, 632 (5th Cir. 2019), stating that it stands for the proposition that Section 924(c) convictions predicated on a conspiracy count, in that case conspiracy to commit bank robbery, do not have any of the requisite elements to fit under the elements clause (*Id.*). In response, the Government asserts that "armed carjacking, whether by the principal or an aider/abettor, is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)," all the while citing case law in other Circuits to counter *Reese* (Doc. 167).

The persuasive authority kerfuffle between Bland and the Government over the ever-changing area of law surrounding Section 924(c) proves to be largely unnecessary in this case,

at least for now. In a recent Seventh Circuit case, the defendant was convicted of Section 924(c) for possessing a firearm in furtherance of a drug trafficking crime under the *Pinkerton* theory of liability for the acts of co-conspirators. *United States v. Conley*, 875 F.3d 391, 397, 400 (7th Cir. 2017). In order to prove the defendant possessed a firearm during a drug crime, the government had to show that the defendant possessed a gun and used it in relation to a drug offense. *Id.* at 400. As the Seventh Circuit stated in that case, "if the basis for [the defendant's] conviction on this count is his participation in a drug conspiracy in which firearms were used, that kind of guilt can be proved through the *Pinkerton* theory of liability." *Id.* at 401. So, even though the defendant did not meet the elements under a 924(c) conviction himself, the Seventh Circuit upheld the conviction under the *Pinkerton* theory of liability because a co-conspirator did. Accordingly, Bland's motion is **DENIED**.

For these reasons, the Motion for Bill of Particulars (Doc. 161) and the Motion to Dismiss Counts 3 and 5 of the Superseding Indictment (Doc. 162) filed by Defendant Romello Bland are **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**